IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Danping Li,                                                )
                                                           )
    Plaintiff *pro se*                                   )
                                                           )
vs.                                                        )
                                                           )
Imagineers, LLC.,                                          )
Scalzo Property Management, Inc.,                          )
Lantern Park Condominium Association, Inc.,                )
Brookside of Middlebury Association, Inc.                  )
John Doe 1, John Doe 2, John Doe 3,                        )
John Doe 4, John Doe 5, John Doe 6,                        )
John Doe 7, John McGrath, Kathy Bianco,                    )
Bree Mugavin, Ken Rank and Jon Brower                      )
                                                           )
    Defendants                                           )
                                                           )

FILED
COMPLAINT 3:16CV833(MPS)
MAY 31 AM 9 50
U.S. DISTRICT COURT
NEW ... T.

## JURISDICTION, VENUE AND PRELIMINARY MATTERS

1. This is an action to recover damages and penalties arising from violation of Fair Debt Collection Practices Act as well as the federal and state Constitutions by defendants' alleged confiscation of plaintiff's property without due process of law and without just compensation.

2. This court has jurisdiction pursuant to 28 U.S.C. §§1331 & 1345 and 31 U.S.C. §3732.

3. Venue is proper in the District of Connecticut under 31 U.S.C. §3732(a) and 28 U.S.C. §1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district or a defendant may be found here, and acts proscribed by 31 U.S.C. §3729 occurred in this district.

1

Count I. Violation of the Fair Debt Collection Practices Act -
Misrepresenting The Amount, Character Or Legal Status Of Debts

1. Defendant, Imagineers, LLC ("Imagineers") having a business address at 635 Farmington Avenue, Hartford, CT 06105, is in the business of profiting from collecting and managing home owner association fees.

2. Imagineers has been responsible for collecting home owner association fees at Lantern Park Condominium Association, Inc. ("Lantern Park") in the Borough of Naugatuck in the State of Connecticut.

3. Imagineers had also been responsible for collecting home owner association fees at Brookside of Middlebury Association, Inc. ("Brookside") in the Township of Middlebury in the State of Connecticut from 2004 to 2013.

4. Imagineers is a debt collector under the Fair Debt Collection Practices Act ("FDCPA") when collecting association fees at Lantern Park for a profit in the same way other debt collectors profit for collecting money from consumers.

5. In addition to collecting monthly association fees, Imagineers devised various schemes for Lantern Park and for itself to increase their profit.

6. For each rental unit, Imagineers and/or Lantern Park collect an annual rental fee of $250, in addition to the monthly association fees.

7. As owner of unit 1 of 38 Round Tree Drive at Lanterrn Park (Hereinafter "Property I"), plaintiff pays her monthly association fees on a routine basis.

8. Plaintiff also pays additional $250 per year for using Property I as a rental.

9. Property I was leased to one household with one adult female tenant (Hereinafter "Tenatn 1") and one adult male tenant (hereinafter "Tenant 2").

10. Each Tenant owns one car and both cars are registered with Lantern Park.

11. Both Tenant 1 and Tenant 2 work full time and five days per week.

12. Plaintiff pays $175.61 per month of home owner association fees to Imagineers.

13. Plaintiff also pays a $250 per year of tenant fee to Lantern Park.

14. Plaintiff has been on time at paying the monthly fees and the annual tenant occupancy fees on Property I.

15. To make even more profits, Imagineers and/or Lantern Park took a page out of highway robbers by fabricating parking violations against Plaintiff's tenants at Property I.

16. Imagineers and/or Lantern Park hired John Doe 1 to fabricate as much parking tickets as possible.

17. It is believed that the profits from fabricating parking tickets were shared by Imagineers, Lantern Park and John Doe 1.

18. As the secret police, like a Gastopo agent in Nazi Germany, John Doe 1's identify have been protected fiercely by both Imagineers and lantern Park while at the same time relying on John Doe 1's fabricated parking tickets to collect debts from plaintiff's account.

19. So far, Imagineers and Lantern Park have refused to disclose the identity of John Doe 1, the secret parking ticket fabricator.

20. Imagineers also refused to disclose the identities of the Board members, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7.

21. Imagineers' campaign to increase profits by fabricating parking tickets specifically targeted Plaintiff and her tenants in a vicious way.

22. Beginning January 27, 2016, Imagineers started to collect additional fees as shown in the following table:

| Date | Reasons Given | Amount of Additional collection |
|---|---|---|
| 01/27/2016 | Vehicle not registered | $15.00 |
| 01/27/2016 | Vehicle not moved within 72 hours | $25.00 |
| 02/08/2016 | Vehicle not moved within 72 hours | $25.00 |
| 02/15/2016 | Late fees | $25.00 |
| 02/15/2016 | Late Interest | $0.98 |
| 02/26/2016 | Vehicle not moved within 72 hours | $25.00 |
| 02/26/2016 | Vehicle not registered | $15.00 |
| 02/26/2016 | Vehicle not moved within 72 hours | $25.00 |
| 03/07/2016 | Vehicle not moved within | $25.00 |

|            | 72 hours                        |         |
|------------|---------------------------------|---------|
| 03/15/2016 | Late Interest                   | $1.35   |
| 03/21/2016 | Vehicle not moved within 72 hours | $25.00  |
| 03/21/2016 | Vehicle not moved within 72 hours | $25.00  |
| 05/19/2016 | Sticker is visible              | $15.00  |

23. There was no justification whatsoever on fabricating these debts other than to increase Imagineers' profits.

24. The reason given by Imagineers to collect on the 01/27/2016 and 02/26/2016 invoices on behalf of Lantern Park was "vehicle not registered." That was bogus because they Imagineers would not have known where to send the invoices if the vehicles were not registered.

25. The reasons given by Imagineers to collect the 01/27/2016, 02/08/2016, 02/26/2016, 02/26/2016, 03/07/2016, 03/21/2016 and 03/21/2016 on behalf of Lantern Park were equally bogus because both Tenant 1 and Tenant 2 work full time for five days per week and there was no way for their cars not to be moved within 72 hours.

26. On May 19, 2016, Imagineers and its secret police came up with new parking violation item, sticker visible.

27. According to Imagineers and its secret police, Plaintiff must pay $15 each time John Doe 1 cannot see the sticker for "not registered with the association."

28. Each time John Doe 1 can see the sticker, Plaintiff must pay $15 for "sticker visible."

29. Imagineers created bogus debts on behalf of Lantern Park and of itself and these debt cannot be validated under any U.S laws.

30. To generate more profit for itself, Imagineers created more bogus debt under the name of late fees on behalf of Lantern Park on 02/15/2016 from those nine items of bogus debts.

31. From bogus debts and bogus late fee, Imagineers then billed and collected from Plaintiff for late interests on 02/15/2016 and 03/15/2016 on behalf of Lantern Park.

4

32. In misrepresent the amount, character or legal status of these thirteen debts on behalf of Lantern Park, Imagineers committed thirteen violations of the FDCPA.

33. Therefore, Imagineers must be ordered to pay Plaintiff the statutory damages of up to $1,000 per violation.

34. Imagineers is liable to Plaintiff for $13,000 in statutory damages by misrepresenting the amount, character or legal status of the thirteen debt items.

35. Imagineers' actions caused monetary damages to Plaintiff in the amount of $247.33 with fabricated parking tickets.

36. Imagineers' action also caused aggravation and annoyance to Plaintiff by creating and collecting these bogus debts.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers in an amount of up to $13,000 in statutory damages for violations of FDCPA thirteen times and $247.33 in compensatory damage, as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

In addition, Imagineers must be ordered to disclose the identities of John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6, and John Doe 7.

Count II. Violation of the Fair Debt Collection Practices Act - Charging Late Fees And Late Interests

1. The allegations of Count I are incorporated herein by reference.

2. By charging one late fee and two late interests from Bogus parking tickets on Property I, which are prohibited by FDCPA, Imagineers violated the FDCPA three times.

3. In addition, Plaintiff owns unit 7 of 49 Ridge Road at Lantern Park ("Property II"), a $25 late fee and $2.46 late interests were charged to plaintiff's account on May 15, 2016, violations of FDCPA twice by Imagineers

4. Therefore, Imagineers is liable to Plaintiff in an amount of $5,000 in statutory damages for violating the FDCPA's prohibition of Late Fees And Late Interests five times.

5. The statutory damages under this Count II is independent of whether the original debts are bogus or not.

5

WHEREFORE, Plaintiff demands:

Money damages against Imagineers in an amount of $5,000 in statutory damages for violations of FDCPA five times, $54.79 in compensatory damages as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

### Count III. Violation of the Fair Debt Collection Practices Act - Failure To Validate The Debts

1. The allegations of Count I and Count II are incorporated herein by reference.

2. Imagineers collected the thirteen debt items on thirteen different occasions from Plaintiff on behalf of Lantern Park without actually validate them.

3. These constitute thirteen violations of FDCPA.

4. In addition, JoAnn Dwyer of Imagineers ("Imagineers Letter") again demanded payment from Plaintiff on March 21, 2016 and threatened Plaintiff with "turning over to an attorney for collection."

5. Imagineers simply failed to validate the debts for thirteen times and committed thirteen violations of FDCPA at different times.

6. Therefore, Imagineers is liable to Plaintiff for $13,000 in statutory damages for failure to validate the debts for thirteen times.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers in an amount of up to $13,000 in statutory damages for violations of FDCPA thirteen times, as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

Count IV. Violation of Connecticut General Statute Section 53a-119
Larceny – Obtaining Property by false pretense

1. The allegations of Count I, Count II and Count III are incorporated herein by reference.

2. Connecticut General Statute Section 53a-119 ("Section 53a-119") defines Larceny as "A person commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner."

3. Connecticut General Statute Section Section 53a-119(2) further defines Larceny as including "Obtaining property by false pretenses. A person obtains property by false pretenses when, by any false token, pretense or device, he obtains from another any property, with intent to defraud him or any other person."

4. John Doe 1, with the support from Imagineers and the Board members of Lantern Park, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7, fabricated bogus parking tickets as the pretense to deprive Plaintiff of her property by creating thirteen debts in her account.

5. Therefore, Imagineers, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 violated Section 53a-119(2).

6. Each of Imagineers, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 are subject to penalties of no more than $500 and no more than three months of prison term under Connecticut General Statute Section 53a-125b.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 in an amount of $500 each in statutory damages for violations of Connecticut General Statute Sections 53a-119 and 53a-119(2), as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

### Count V. Violation of Connecticut General Statute Section 53a-119
### Larceny – Obtaining Property by extortion

1. The allegations of Count I, Count II, Count III and Count IV are incorporated herein by reference.

2. Connecticut General Statute Section 53a-119(5) defines Larceny as including "Obtaining property by Extortion" wherein "A person obtains property by extortion when he compels or induces another person to deliver such property to himself or a third person by means of instilling in him a fear that, if the property is not so delivered, the actor or another will: …(B) cause damage to property; …"

3. Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 are joint actors in this case.

4. John Doe 1 fabricated numerous bogus parking tickets.

5. John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 supported John Doe 1 regardless how fake the parking tickets were.

6. Imagineers and Lantern Park protected the identity of John Doe 1 so that he can continue to fabricate more bogus parking tickets.

7. Imagineers than debited the bogus amount to Plaintiff's account with the threat of damage the title of Property I with an outstanding home owner association lien.

8. The actions of Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 violated Connecticut General Statute Section 53a-119(5).

9. Each of Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 are subject to penalties of no more than $500 and no more than three months of prison term under Connecticut General Statute Section 53a-125b.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 in an amount of $500 each in statutory damages for violations of Connecticut General Statute Sections 53a-119 and 53a-119 (5), as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

Count VI. Violation of Connecticut General Statute Section 42-110g
Unfair Business Practice

1. The allegations of Count I, Count II, Count III, Count IV and Count V are incorporated herein by reference.

2. The actions of Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 to create bogus parking tickets violated Connecticut General Statute Section 42-110g.

3. Each of Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7 is liable to Plaintiff on her damages.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers, Lantern Park, John Doe 1, John Doe 2, John Doe 3, John Doe 4, John Doe 5, John Doe 6 and John Doe 7, as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

Count VII. Violation of the Fair Debt Collection Practices Act -

Failure To Validate The Debts

1. The allegations of Count I, Count II, Count III, Count IV, Count V and Count VI are incorporated herein by reference.

2. Defendant, Scalzo Property Management, Inc. ("Scalzo") having a business address at 2 Stony Hill Road, Suite 201, Bethel, CT 06801.

3. Scalzo is in the business of profiting from collecting and managing home owner association fees.

4. Scalzo took over the fee collection business Brookside of Middlebury Association, Inc. ("Brookside") in the Township of Middlebury in the State of Connecticut from Imagineers in 2013.

5. Scalzo is a debt collector under the Fair Debt Collection Practices Act ("FDCPA").

6. Plaintiff owns 4 Colonial Court at Brookside (Hereinafter "Property III").

7. The dispute with Brookside started when Imagineers was collecting home owner association fees for Brookside and continued after Scalzo replaced Imagineers.

9

8. The dispute with Brookside was related to replanting the flower bed at Property III.

9. Around December, 2015 and January, 2016, Brookside and Scalzo demanded that Plaintiff replant shrubs in the flower bed in the middle of the winter and cover the ground with mulch with a threat of taking money out of Plaintiff's account if not done the way they wanted and in the time frame they wanted.

10. The change from Imagineers to Scalzo as fee collectors at Brookside does not change the bully characteristics of the Board of Directors at Brookside ("Brookside Board").

11. The behavior of the Board members of Brookside is pure arrogance.

12. Brookside Board's demand of planting shrubs in winter was deemed unreasonable and was regarded as being brain dead idea at the time Plaintiff received the demand.

13. Plaintiff agreed to replant shrubs in the flower bed in the spring and cover the bed ground with mulch.

14. Plaintiff's work on shrub replanting started in late April, 2016 and bought several bags of mulch in reparation of covering the ground with it.

15. On May 4, 2016, Scalzo unilaterally took $50 from Plaintiff's account on behalf of Brookside without validating such a debt and in violation of FDCPA.

16. Scalzo is liable to Plaintiff for $1,000 in statutory damage for such a violation.

17. Scalzo is also liable for arbitrarily taking $50 out of Plaintiff's account.

WHEREFORE, Plaintiff demands:

Money damages against Scalzo in an amount of $1,000 in statutory damage for its violation of FDCPA, plus $50 compensatory damage as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

Count VIII. Violation of the Due Process Clause of the Federal Constitution

1. The allegations of Count I, Count II, Count III, Count IV, Count V, Count VI and Count VII are incorporated herein by reference.

2. Imagineers and Scalzo had acted toward the Plaintiff in an extremely arrogant manner, including demanding tree planting in winter and taking private property at will and in secret most of the time.

3. For whatever the amount they want to take from Plaintiff, they simply debit it to Plaintiff's account which acted as a lien on Plaintiff's property.

4. They can then charge an illegal late fees and illegal late interests.

5. Plaintiff would characterize this as a milder version of the Nazi Way.

6. There is no place for even the milder version of the Nazi Way under the constitution of the United States of America.

7. Therefore, the actions of Imagineers and Scalzo must be deemed to be unconstitutional.

WHEREFORE, Plaintiff demands:

Money damages against Imagineers and Scalzo as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

Further, Imagineers and Scalzo must be enjoined from committing further violations of the constitution by taking private property without due process of law.

Count IX. Violation of Connecticut General Statute Section 42-110g
Unfair Business Practice

1. The allegations of Count I, Count II, Count III, Count IV, Count V, Count VI, Count VII and Count VIII are incorporated herein by reference.

2. Scalzo, Brookside, John McGrath, Kathy Bianco, Bree Mugavin, Ken Rank and Jon Brower singled out Plaintiff for harassment by forcing Plaintiff to plant shrubs in winter time.

3. Brookside, John McGrath, Kathy Bianco, Bree Mugavin, Ken Rank and Jon Brower wanted to control many aspects of Plaintiff's life.

4. That control includes cutting two dead trees, which were several feet away from Property III and posed a danger to Plaintiff and her family.

5. Plaintiff filed an application to have the two trees cut and there was no response from Brookside, John McGrath, Kathy Bianco, Bree Mugavin, Ken Rank and Jon Brower for more than a month.

6. Plaintiff was forced to cut the trees two days before Hurricane Sandy landed in Connecticut with severe property damages across the State.

7. If Plaintiff had waited for Brookside, John McGrath, Kathy Bianco, Bree Mugavin, Ken Rank and Jon Brower ("the Bullies") to do their job, those two trees could have already fallen on Property III.

8. After the two trees were cut, there were two tree trunks left on the ground.

9. Around May, 2014, Brookside and its Board members wrote a letter to Plaintiff with demand to remove the two tree trunks immediately or face a fine for each day the tree trunks were not removed.

10. The two tree trunks had metal wire grown in them so normal chain saws do not work.

11. The slower method of sodium nitrate from Home Depot would take more than one year to eliminate the tree trunks.

12. Plaintiff explained the situation to the Bullies and the response was continued demand to remove the tree trunks immediately or face a $25 per day fine.

13. Under pressure from the Bullies, Plaintiff tried to burn the tree trunks while the Bullies and their secret agent called the fire department to report a fire.

14. Then the Bullies issued demand to Plaintiff to plant shrubs in the flower bed in winter or else.

12

15. From cutting dead trees for safety reason, to removing tree trunks immediately, to calling the fire department, and to demanding shrub planting in winter, the Bullies and their agents had more than enough damages to Plaintiff in the past few years with unfair method business practice.

16. Therefore, the Bullies and their agents violated Connecticut General Statute Section 42-110g.

WHEREFORE, Plaintiff demands:

Money damages against Scalzo, John McGrath, Kathy Bianco, Bree Mugavin, Ken Rank and Jon Brower, as well as the costs and attorney's fee and other remedies which the Court may deem necessary.

DATED:   June 1, 2016                                                    Respectfully Submitted,

*Danping Li*
Danping Li
Plaintiff *pro se*
4 Colonial Court
Middlebury, CT 06762
(203)568-0565